# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:12-CV-16

| | |
|---|---|
| HAROLD N. ORBAN AND VICTORIA L. ORBAN )<br>)<br>**Plaintiffs,** )<br>)<br>v. )<br>)<br>NATIONWIDE TRUSTEE SERVICES, )<br>INC., KERRIE A. VERSTRATE, BANK OF )<br>AMERICA, AND BANK OF NEW YORK )<br>MELLON, SUCCESSOR TO JP MORGAN )<br>CHASE BANK, N.A., AS TRUSTEE FOR )<br>THE CERTIFICATE HOLDERS OF )<br>CWHEQ, INC. REVOLVING HOME )<br>EQUITY LOAN ASSET-BACKED NOTES, )<br>SERIES 2006-1 )<br>)<br>**Defendants.** )<br>) | **ORDER** |

**BEFORE THE COURT** is Plaintiffs' Motion to Reconsider (Doc. 40), to which Defendants Bank of America, N.A. ("BANA") and the Bank of New York Mellon ("BNYM") have responded, (Doc. 41). Also pending is Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 42), to which BANA has responded in opposition (Doc. 43). Plaintiffs have also filed a reply. (Doc. 44).

The Court notes that Plaintiffs' have brought their motion to reconsider pursuant to Rule 60(b). However, "Rule 60 pertains to relief from a final judgment, order, or proceeding, and Rule 60 is not available for relief from an interlocutory order." *Slep-Tone Entm't Corp. v. Garner*, No. 3:11-CV-00122, 2011 WL 6370364, at *1 (W.D.N.C. Dec. 20, 2011).

Instead, given the liberal construction afforded to *pro se* litigants, the Court will analyze the motion pursuant to Rule 54(b). Rule 54(b) provides that "any order . . . that adjudicates

1

fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and the all the parties' rights and liabilities." Fed. R. Civ. Pro. 54(b). "Motions for reconsideration of an interlocutory order are appropriately granted upon (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice." *Slep-Tone Entm't Corp. v. Garner*, No. 3:11-CV-00122, 2011 WL 6370364, at *1 (W.D.N.C. Dec. 20, 2011). The Court finds cognizable grounds and therefore will reconsider its original order. To the extent the Court does not discuss grounds alleged, they are rejected.[1]

## I. ANALYSIS – MOTION TO RECONSIDER

### A. The Court Will Not Modify Its Order Regarding Nationwide and Verstrate

The Court has reviewed the Orbans's argument with regard to the Court's dismissal of all claims against Verstrate. For the reasons stated in the original order, the motion to reconsider is denied with respect to this dismissal. Defendant Verstrate remains dismissed.

Further, all claims remain stayed against Defendant Nationwide pursuant to the Court's Order entered on December 3, 2014 (Doc. 36). Accordingly, the Court will not revise its order regarding Nationwide.

### B. Count One

#### 1. Assignment of the Deed of Trust and the Foreclosure Action

---

[1] The Court finds that page four of its Order which states "[o]n the same day, January 21, 2014" should read "January 21, 2011." *See* (Doc. 34, at 4). Also, the sentence on page five of the Order which reads "Paragraph five of this letter provides the names and addresses of the current holders" should read "Paragraph five of this letter provides the names and addressed of the claimed current holders."

In the original order, the Court stated that "[h]ere, BNYM held the note and, regardless of alleged irregularities contained in filling of the deed of trust, the deed of trust necessarily followed with the note." (Doc. 34, at 9). However, there is no documentation that establishes that BNYM ever held the note.[2] The Court takes note that the majority of Plaintiffs' allegations and arguments have revolved around whether an assignment of a note or deed of trust must be recorded in order to be enforceable against the original debtor. Plaintiffs make several arguments regarding North Carolina's recording statutes; however, they are intended to protect purchasers and encumbrancers. *Hill v. Pinelawn Memorial Park, Inc.*, 282 S.E.2d 779, 782 1326, 7 (N.C. 1981) ("The purpose of this statute is to enable intending purchasers and encumbrancers to rely with safety on the public record concerning the status of land titles."). Moreover, assignments of deeds of trust or promissory notes need not be recorded in order to be effective. N.C. Gen. Stat. § 47-17.2. Accordingly, the Court holds that the validity of any purported assignment of the note or deed of trust does not depend on filings.

The basis of Plaintiffs' Count I is "fraud." Plaintiffs' claims raise a common-law claim for "wrongful foreclosure."[3] "To allege a common-law claim for "wrongful foreclosure" by a mortgagor, plaintiff must allege (1) a legal duty owed to it by the foreclosing party; (2) a breach of that duty, (3) a causal connection between the breach of that duty and the injury it sustained and (4) damages." *Bryson v. Ocwen Fed. Bank FSB*, 2010 U.S. Dist. LEXIS 55233, at *15 (W.D.N.C. Jan. 20, 2010). "A claim for wrongful foreclosure accrues when the mortgagee conveys the property to a third party." *Patterson v. DAC Corp. of North Carolina*, 310 S.E.2d 783, 785 (N.C. Ct. App. 1984). It is evident from Plaintiffs' Complaint that the foreclosure

---

[2] Defendants tacitly recognize that it was inappropriate to hold so when stating that "it is entirely plausible that the notes were transferred between April 5, 2011 and the date the assignments were later recorded." (Doc 41, at 5).
[3] "A claim for wrongful foreclosure is 'based on fraud.'" *Porterfield v. JP Morgan Chase Bank, Nat'l Ass'n*, 2013 U.S. Dist. LEXIS 152318, 5, 2013 WL 5755499 (E.D.N.C. Oct. 22, 2013) (quoting *Patterson*, 310 S.E.2d at 785.).

action did not terminate in any Defendant's favor and the property has not been sold. Therefore, a claim for wrongful foreclosure does not exist. Further, regardless of the ownership of the note or deed of trust and the validity of any purported assignment, which is the basis of Plaintiffs' claim, the ownership of the land has never been transferred. *See Porterfield v. JP Morgan Chase Bank, Nat'l Ass'n*, 2013 U.S. Dist. LEXIS 152318, at *5-6 (E.D.N.C. Oct. 22, 2013) (dismissing wrongful foreclosure claim on the same grounds). Accordingly, the fraud claim is still dismissed.

2. North Carolina General Statute Section 45-93

Plaintiffs do not challenge the Court's finding with regard to North Carolina General Statute § 45-93. Accordingly, the Court will not reconsider its dismissal of this claim.

3. FDCPA

Plaintiffs do not challenge the Court's finding with regard to the Fair Debt Collection Practices Act. Accordingly, the Court will not reconsider its dismissal of this claim.

**C. COUNT TWO**

1. Breach of Contract

The breach of contract claim was not dismissed in the original order regarding the motions to dismiss.

2. RESPA

The Court finds that Plaintiffs' argument is unavailing. Accordingly, the Court will not reconsider its Order regarding RESPA.

3. N.C. Gen. Stat. § 75-54

Plaintiffs challenge the Court's holding regarding § 75-54 of the North Carolina General Statutes.

4

In their Complaint, Plaintiffs claimed BANA "has provided misleading and false information to Plaintiffs . . . and has knowingly, voluntarily and intentionally engaged in deceptive false and misleading representation[s] in violation of [N.C.] G.S. § 75-54." (Doc. 1-1, at ¶ 18).

North Carolina General Statute § 75-54 provides that "[n]o debt collector shall collect or attempt to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation." N.C. Gen. Stat. § 75-54. Analysis under the Section 75-54 is a two-step process with three elements to be satisfied at each step. "[T]hree threshold determinations must be satisfied" at step one: (1) the obligation owed must be a debt; (2) the one owing the obligation must be a consumer; and, (3) the one trying to collect the obligation must be a debt collector. *Reid v. Ayers*, 138 N.C. App. 261, 263, 531 S.E. 2d 231, 233 (2000) (citing N.C. Gen. Stat. 75-50(1)-(3)). Next, a plaintiff must make a showing of three generalized requirements of Section 75-1.1: (1) an unfair act (2) in or affecting commerce (3) proximately causing injury. *Id.* at 266, 235 (citing *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 507 S.E.2d 56, 63 (N.C. Ct. App. 1988)).

On page fifteen of its Order, this Court stated that "[t]his claim fails as it relates to the assignment of the Deed of Trust and appointment of substitute trustees for the reasons previously discussed by the Court." (Doc. 34). In the instant Order, the Court recognizes that it was inappropriate to determine that BNYM was the holder of the HELOC note during the relevant time period. A corollary of this is that it inappropriate to determine that BNYM could appoint a substitute trustee.

BANA also argued that dismissal was appropriate because "BANA . . . is [not] a 'debt collector'" under the pertinent statute because "BANA is Plaintiffs' loan servicer and BNYM is

5

the holder of their note." (Doc. 2-1, at 10-11).[4] At this stage, the Court cannot dismiss the Complaint under these grounds because (1) BANA's status as holder or servicer is in dispute and (2) The North Carolina Court of Appeals has concluded that the NCDCA's definition of debt collector is much broader than its federal counterpart. *Reid v. Ayers*, 531 S.E.2d 231, 234 (N.C. Ct. App. 2000) (engaging in statutory comparison). A "debt collector" is "any person engaging, directly or indirectly, in debt collection from a consumer except those persons subject to the provisions of Article 70, Chapter 58 of the General Statutes." N.C. Gen. Stat. § 75-50(3). Defendants have not provided the Court with any North Carolina authority suggesting that BANA could not qualify as a debt collector for purposes of § 75-54.

However, Defendant BANA also made the correct argument that the Complaint does not plausibly show that BANA attempted to collect a debt, which is a predicate to § 75-54 liability. The Complaint and supporting documentation show that BANA was the original lender but BANA consistently maintained the position with Plaintiffs that it did not hold the note. Further, it is not alleged that BANA initiated the foreclosure proceedings. Accordingly, a § 75-54 claim cannot be maintained against BANA. Furthermore, the Court also rejects Plaintiffs' argument regarding proximate cause.

Accordingly, the § 75-54 claim remains dismissed.

### D. FRAUD CLAIMS

As stated above, Plaintiffs' claims raise a claim for wrongful foreclosure. However, such a claim, as explained above, does not survive 12(b)(6). Accordingly, the fraud claims remain dismissed.

### E. IIED/NIED

---

[4] Most of the argument involved the interpretation of "debt collector" as defined by the FDCPA.

The Orbans do not challenge the dismissal of the claim related to emotional distress. Accordingly, the claim remains dismissed.

### F. REQUEST FOR INJUNCTIVE RELIEF

The Orbans do not challenge the dismissal of their request for injunctive relief. Accordingly, the Court will not reconsider its position that injunctive relief is not warranted.

### G. REQUEST FOR PUNITIVE DAMAGES

The Orbans do not challenge the dismissal of their request for punitive damages. Accordingly, the Court will not reconsider its position that punitive damages are not available.

## II. MOTION TO AMEND

Federal Rule of Civil Procedure 15(a) allows a party to amend its own pleading once as a matter of course within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Rule 15(a) is not implicated here because the twenty-one day period expired long before Plaintiffs filed this motion to amend.

Accordingly, Plaintiffs may only amend if they obtain the consent of the opposing party, which has not been given, or by leave of this Court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"[D]enial of leave to amend a complaint must be based on 'a showing of prejudice, bad faith, futility, or dilatoriness associated with the motion.'" *Sandcrest Outpatient Servs., P.A. v. Cumberland Cnty. Hosp. Sys., Inc.*, 853 F.2d 1139, 1148 (4th Cir. 1988) (quoting *Ward Electronics Svc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987)). "Although delay alone is insufficient reason in this Circuit to deny leave to amend, delay accompanied by bad faith is not." *Ferguson v. Maita*, 162 F. Supp. 2d 433, 441 (W.D.N.C. 2000) *aff'd,* 15 F. App'x

84 (4th Cir. 2001). "Where the facts upon which the new claim are based were known at the time of the original complaint, and indeed, pled in that complaint, it is not an abuse of discretion to find bad faith." *Id.* Further, "where the motion to amend is predicated on a lack of success in the litigation . . . leave to amend need not be granted." *Id.*

Here, Plaintiffs did not file their motion to amend until two months after the Court issued its Order unfavorable to the Plaintiffs. *See* (Docs. 34, 42). Moreover, the first motion to dismiss was filed in February 2012, some three years before the motion to amend was filed. This evidences not only an extreme amount of delay but also shows dilatoriness on the part of Plaintiffs. Further, it evidences an intent to circumvent this Court's unfavorable Order regarding the motions to dismiss. A review of the proposed First Amended Complaint shows that it asserts no new facts that were discovered during the pendency of the litigation. Allowing amendment would be futile in this instance and would simply serve to delay the case. Accordingly, the Court **DENIES** Plaintiffs' Motion to Amend.

**IT IS, THEREFORE, ORDERED THAT**

(1) The Court **GRANTS IN PART, AND DENIES IN PART, PLAINTIFFS' MOTION TO RECONSIDER**; namely, the Original Order stands as modified herein. Specifically, the only remaining claim before the Court is the loan modification theory advanced by Plaintiffs; and

(2) Plaintiffs' Motion to Amend is **DENIED**.

Signed: July 8, 2015

Richard L. Voorhees
United States District Judge